UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EAST TENNESSEE TITLE INSURANCE AGENCY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Docket No._____ |
| CHICAGO TITLE INSURANCE COMPANY, | ) **JURY DEMAND**<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

**COMES** the Plaintiff, East Tennessee Title Insurance Agency, Inc. ("ETTA"), by its attorneys, and sues the Defendant, Chicago Title Insurance Company ("Chicago Title"), and for its cause of action, states the following:

### I. Parties

1. ETTA is a Tennessee corporation with its principal office and place of business located at 550 Main Avenue, Suite 725, Knoxville, TN 37902.

2. Chicago Title is an active for-profit Nebraska Corporation with its principal office and place of business located at 118 W. Adams Street, Jacksonville, Florida 32202. It may be served with process at its Tennessee Regional Office, located at 6840 Carothers Parkway, Suite 200, Franklin, Tennessee, 37607.

### II. Nature of Action

3. This is an action for breach of contract between ETTA and Chicago Title relating to an Issuing Agent's Contract (the "Contract") between these two entities dated April 18, 1979. A copy of which, pursuant to *Federal Rule of Civil Procedure 10.02*, is attached hereto and incorporated herein by reference as ***Exhibit 1.***

### III. Jurisdiction and Venue

4. As Chicago Title has a regional office in Franklin, Tennessee, was, at all times material hereto, conducting business in the State of Tennessee as a title insurance underwriter licensed to do business in the State of Tennessee, was doing business in the entire State of Tennessee, purposely availed itself of the privilege of doing business in the State of Tennessee, and the acts giving rise to this cause arose out of its contacts with the State of Tennessee, this Court has both general and specific *in personam* jurisdiction over Chicago Title. Further, as there is diversity of citizenship between ETTA and Chicago Title and the amount in controversy exceeds $75,000, this Court, pursuant to *28 U.S.C. 1332(a)* and *(b)*, has subject matter jurisdiction over this cause.

5. As the Contract was entered into in this District, the breach(es) giving rise to this cause occurred in this District, the acts/omissions complained of occurred in this District, and a substantial part of the events or omissions giving rise to this claim occurred in this District, venue, pursuant to *28 USC 1391*, is proper with this Court.

### IV. Breach of Contract

6. The Contract between Chicago Title and ETTA was one by which Chicago Title appointed ETTA as its Issuing Agent for the purpose of promoting and transacting title insurance business in the counties set forth in Exhibit A to the Contract. Exhibit A to the Contract sets forth ETTA's territory for the issuance of policies. Certain of the counties in its territory were those in which ETTA, as agent for Chicago Title, was granted the exclusive right to issue Chicago Title policies (the "Exclusive Territory"). Under the Contract, the exclusivity rights exclude all other agents of Chicago Title and Chicago Title itself from issuing Chicago Title policies in the counties identified in the Exclusive Territories (Knox, Anderson, Blount, Campbell, Claiborne, Grainger, Jefferson, Loudon, Roane, Sevier and Union counties). Exhibit A to the Contract also lists the counties in which ETTA would have the concurrent right, with Chicago Title and such agents as Chicago Title might designate and appoint, to issue Chicago Title policies.

7. The Contract included a "Schedule of Rates and Remittances" by which, under ¶ 4 thereof, ETTA would receive Fifty Percent (50%) of the premiums for the title insurance policies issued in the Exclusive Territory based upon rates set forth in the manual referred to in ¶ 1 of the Contract. In the counties in which ETTA had only a concurrent right to represent Chicago Title as its agent, ETTA would also receive 50 percent (50%) of the policy premiums issued in those concurrent counties. The payment of premium on a 50/50 ratio in a concurrent county was further consideration for the exclusivity rights as herein described.

8. Upon information and belief, during the years pertinent to this Complaint, the customary or typical premium split between a national title insurance underwriter such as Chicago Title and a non-exclusive issuing agent in the counties set forth in ¶ 6 and referred to in ¶ 7 of the Contract has fluctuated between a 75/25 premium split and an 80/20 premium split. In each instance, the issuing agent has received the larger percentage of the premium. In recent years and at the time of the breach of the Contract by Chicago Title, the predominant premium split between a national title insurance underwriter, such as Chicago Title, and an established issuing agent, such as ETTA, has been an 80/20 premium split. During the entire time since 1979, ETTA has at all times honored the Contract with Chicago Title and at all times Chicago Title has received 50% of all title premiums generated by ETTA as Chicago Title's Issuing Agent.

9. The "50/50" split of policy premiums between ETTA and Chicago Title was predicated upon ETTA receiving all of Chicago Title's business in the Exclusive Territory and in consideration thereof ETTA paid to Chicago Title 30% more than is and was customarily paid to a national title insurance underwriter. That additional 30% of the premium was intended to guarantee ETTA all of Chicago Title's title insurance business within the Exclusive Territory. In consideration thereof, ETTA agreed to and did issue policies of title insurance exclusively for Chicago Title to the exclusion of all other title insurance underwriters.

10. In the summer of 2013, ETTA learned that there was an individual and an entity doing

Page 3 of 6
Case 3:17-cv-00006-HSM-CCS   Document 1   Filed 01/10/17   Page 3 of 6   PageID #: 3

business in the Knoxville area which advertised on the internet that he, Randy Miller, an attorney in Knoxville, and an entity with which he was associated, Appalachian Title Company, LLC, were issuing agents for Chicago Title in the Knoxville and the East Tennessee area, areas within ETTA's Exclusive Territory. Despite repeated efforts by ETTA to obtain confirmation or denial of the status of Randy Miller and/or Appalachian Title as agents for Chicago Title, Chicago Title has chosen not to provide ETTA with any such confirmation or denial. Shortly after its request concerning Randy Miller and/or Appalachian Title, ETTA was advised that yet another entity by the name of Tennessee Valley Title Insurance Company may be an issuing agent for Chicago Title in ETTA's Exclusive Territory.

11. ETTA is entitled to recover compensatory damages from Chicago Title for breach of the Contract occasioned by Chicago Title by entering into issuing agency contracts with individuals and entities which have issued Chicago Title policies in ETTA's Exclusive Territory. Furthermore, various Chicago Title company offices throughout the United States have issued Chicago Title policies to the exclusion of ETTA in ETTA's Exclusive Territory, in breach of the Contract, for which ETTA is entitled to recover compensatory damages.

12. ETTA does not have access to the pertinent records or information and therefore the means by which to identify the exact number of Chicago Title issuing agents which have been or are presently issuing agents for Chicago Title in ETTA's Exclusive Territory or the numbers or particulars of the Chicago Title policies issued by said issuing agents and/or Chicago Title in ETTA's Exclusive Territory (all in breach of the Contract) during the relevant time frame. As a result, ETTA is unable to show to the Court the exact amount of damages which it has sustained as a result of the breach of Contract by Chicago Title or the exact time frame in which the violations have occurred. ETTA avers that all such information is within the knowledge Chicago Title and that the records of Chicago Title will reveal that Chicago Title has breached the terms and provisions of the Contract. Accordingly, ETTA seeks a full accounting of all premiums for all policies issued by Chicago Title and its issuing agents in ETTA's "Exclusive Territory" for the six (6) years prior to the filing of this Complaint.

13. As a direct and proximate result of Chicago Title's breach(es) of the Contract, ETTA has been greatly damaged. ETTA was never advised and therefore never consented to the loss of the exclusivity provisions of the Contract. As a result, ETTA paid and Chicago Title received additional and excessive premium under false pretenses and unjustly for which ETTA should be compensated and/or Chicago Title should be disgorged.

14. Had Chicago Title simply cancelled the Contract in accordance with the provisions of ¶11 of the Contract, ETTA could have protected itself by entering into a less expensive issuing agent's contract with another title insurance underwriter at an 80/20 premium split rather than the 50/50 premium split provided in the Contract. Rather, Chicago Title made no effort prior to the Spring of 2016 to cancel the Contract with ETTA which resulted in undue and unjust enrichment to Chicago Title and resulted in substantial loss of revenue and damage to ETTA.

15. Upon information and belief, the actions of Chicago Title were premeditated, done knowingly, intentionally, recklessly, and/or maliciously or were occasioned by the gross disregard for the rights of ETTA. As such, upon information and belief, ETTA is entitled to recover punitive damages from the Defendant.

**WHEREFORE**, the Plaintiff, East Tennessee Title Insurance Agency, Inc., demands judgment against the Defendant, Chicago Title Insurance Company, for compensatory damages in a sum to be proven at trial which is greater than Seventy Five Thousand Dollars ($75,000.00) and not to exceed Five Million Dollars ($5,000,000.00), punitive damages in an amount proven at trial, and any and all other further and general relief to which it proves entitlement. Plaintiff, East Tennessee Title Insurance Agency, Inc., also demands a jury to try the issues joined.

Respectfully submitted,

       s/ Thomas S. Scott, Jr.
Thomas S. Scott, Jr., TN BPR # 1086
Christopher T. Cain, TN BPR # 19997
SCOTT & CAIN
550 West Main Street, Suite 601
Knoxville, TN 37902
(865) 525-2150
scott@scottandcain.com
cain@scottandcain.com